**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **ERIC DICKERSON** : | |
| **Plaintiff,** : | **CIVIL ACTION NO. 3:14-1433** |
| v. : | |
| **INSOURCE PERFORMANCE** : | **(JUDGE MANNION)** |
| **SOLUTIONS and LOWES** | |
| **COMPANIES, INC.,** : | |
| **Defendants.** | |

**MEMORANDUM**

Presently before the court is the August 29, 2014 motion to dismiss filed by the defendants, Insource Performance Solutions ("Insource") and Lowe's Home Centers, LLC ("Lowe's"). (Doc. 14). The plaintiff, Eric Dickerson, opposes this motion to dismiss on the grounds that a public policy exception to Pennsylvania's at-will employment doctrine should apply to this case.

**I.     Background**

On April 15, 2014, Defendant Insource hired the plaintiff to work as a laborer and driver for Defendant Lowe's. (Doc. 2, Ex. A, p. 2). On April 30, 2014, the plaintiff injured his ankle while standing on a step stool in the course of his placement at Lowe's. *Id,* at p. 3. The plaintiff subsequently filed for Workers' Compensation benefits. *Id*. The plaintiff then returned to work on "modified duty." *Id*.

On May 12, 2014, an Insource supervisor allegedly called the plaintiff and informed him that he was being "let go" because Lowe's "will not take anyone

with a work-related injury." *Id*. The plaintiff was still unable to return to work as of May 15, 2014, because Insource's management claimed "there are no other assignments for [the plaintiff] and that [Lowe's] will not take him back due to his work-related injury." *Id*.

On July 7, 2014, the plaintiff filed a complaint with the Luzerne County Court of Common Pleas alleging one count of Common Law Wrongful Discharge for a "pubic policy violation for allegedly making a workers' compensation claim or seeking worker's compensation benefits." *Id*. at 4. On August 29, 2014, Defendant Lowe's filed the Motion to Dismiss at issue here.

## II.   Legal Standard

The defendant's motion to dismiss is brought pursuant to the provisions of Fed.R.Civ.P. 12(b)(6). This rule provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated, Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005), and dismissal is appropriate only if, accepting all of the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007) (abrogating "no set of facts" language found in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The facts alleged must be sufficient to "raise a right to relief above the speculative level." Twombly, 550 U.S. 544, 127 S. Ct. at 1965. This requirement "calls for enough fact[s] to raise a reasonable

expectation that discovery will reveal evidence of" necessary elements of the plaintiff's cause of action. Id. Furthermore, in order to satisfy federal pleading requirements, the plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (brackets and quotations marks omitted) (quoting Twombly, 550 U.S. 544, 127 S. Ct. at 1964-65).

In considering a motion to dismiss, the court generally relies on the complaint, attached exhibits, and matters of public record. *See* Sands v. McCormick, 502 F.3d 263 (3d Cir. 2007). The court may also consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993). Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." Pryor v. Nat'l Collegiate Athletic Ass'n, 288 F.3d 548, 560 (3d Cir. 2002). However, the court may not rely on other parts of the record in determining a motion to dismiss. *See* Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).

Generally, the court should grant leave to amend a complaint before dismissing it as merely deficient. *See*, e.g., Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 252 (3d Cir. 2007); Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213

F.3d 113, 116-17 (3d Cir. 2000). "Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility." Alston v. Parker, 363 F.3d 229, 236 (3d Cir. 2004).

It is well established that an employer's right to dismiss an employee, even without cause, is not absolute, and may be subject to public policy exceptions. 716 A.2d at 1233 (1998). For example, there are applicable public policy exceptions when an employee is terminated if he: (1) participates in conduct required by law; (2) refuses to perform an act prohibited by law; or (3) engages in conduct which he is privileged by law to do. McLaughlin v. Gastrointestinal Specialists, Inc., 561 Pa. 307, 750 A.2d 283 (2000). It is also well established that discharging employees for the exercise of legal rights is violative of public policy. Highhouse v. Avery Trans., 433 Pa. Super. 120 (1995).

The Supreme Court of Pennsylvania has concluded that an at-will employee who has alleged retaliatory discharge has stated a claim upon which relief can be granted. Shick, 716 A.2d at 1232. In the state of Pennsylvania, employment is presumed to be at-will. However, Pennsylvania courts recognize a public policy exception to at-will employment when an employee is terminated by his employer in retaliation for filing a Workers' Compensation claim against the employer. Shick v. Shirey, 552 Pa. 590 (Pa. 1998). In the Shick case, the plaintiff filed his workers' compensation claim after suffering an injury at work, and he received workers' compensation during his recovery. Upon recovery from the injury, the plaintiff attempted to return to work for the same employer but the employer refused to re-hire him allegedly because of his workers'

compensation claim. *Id.* at 593.

The Workers' Compensation Act (the "Act") strikes a balance between the employer and the employee in that it restricts the remedies available to an employee for injuries sustained in the course of employment and closes to the employee any recourse against the employer at common law for negligence." Tsarnas v. Jones & Laughlin Steel Corporation, 488 Pa. 513 (1980). The Pennsylvania Supreme Court noted that the "historical balance would be disrupted if the employer could terminate an employee for filing a workers' compensation claim." Shick, 552 Pa. 590, 603. "If employers are permitted to penalize employees for filing workmen's compensation claims, a most important public policy will be undermined. The fear of being discharged would have a deleterious effect on the exercise of a statutory right." Shick, 552 Pa. 590, 604 (quoting Frampton v. Central Indiana Gas Co., 260 Ind. 249, 297 N.E.2d 425 (1973)).

When analyzing a claim of retaliatory discharge, Pennsylvania courts apply the analysis used under Title VII of the Civil Rights Act of 1964. (Doc. 18, p. 12). Under Title VII a plaintiff must show that: "(1) he engaged in a protected employee activity; (2) he suffered an adverse employment action; and (3) a causal link exists between the employee's protected activity and the employer's adverse action." Deily v. Waste Management of Allentown, 55 Fed. Appx. 605, 608 (3d Cir. 2003) (citing Farrel v. Planters Lifesavers Co., 206 F.3d 271, 279 (3d Cir. 2000)).

In McCarty v. Gas Tech. & Servs., 2009 Pa. Dist. & Cnty. Dec. LEXIS 292,

the plaintiff was employed by a temporary employment agency and was placed into a position at the defendant employer such that the defendant employer was not the direct superior of the plaintiff. *Id*. at *1. At the time of this employment, the plaintiff had an ongoing workers' compensation claim with a previous employer. *Id*. at *2. Upon discovering this previous claim, the defendant-employer terminated that plaintiff's employment so as to not become involved in the ongoing dispute with the previous employer. *Id.* at *2. The court distinguished McCarty from Shick because the defendant employer in McCarty was not the direct employer of the plaintiff, did not provide workers' compensation benefits to the plaintiff, and was not the employer at the time of the injury. Id. at *5-6. The court found that these distinctions were sufficient to decline to extent the Shick exception. *Id.* at *7.

The Third Circuit accepts a "joint employer" theory of liability, which recognizes that although two employers are separate entities, they jointly determine essential terms and conditions of employment. NLRB v. Browning-Ferris Indus. Inc., 6901 F.2d 1117, 1122-23 (2d Cir. 1982). The court must consider three (3) factors when making a joint employer determination: (1) authority to hire and fire employees, promulgate work rules and assignments, and set conditions of employment, including compensation, benefits and hours; (2) day-to-day supervision of employees, including employee discipline; and (3) control of employee records, including payroll, insurance, taxes and the like. Zarnoski v. Hearst Bus. Comm., Inc., 1998 U.S. Dist. LEXIS 18, 69 Fair Empl. Prac. Cas. (BNA) 1514 (E.D. Pa. 1996). If the court determines that there are

"joint employers," each is liable for the discriminatory acts of the other. Grace v. USCAR, 521 F.3d 655 (6th Cir. 2008).

## III. Discussion

The first question before the court is whether a Shick exception applies to the instant case. Defendant Lowe's claims that the plaintiff has ignored the essential difference between the instant case and Shick: "Lowe's was not responsible for and did not provide Plaintiff with Workers' Compensation benefits." (Doc. 21, p. 3). That is, since Defendant Lowe's was not responsible for providing the Plaintiff with Workers' Compensation benefits, Lowe's never received "immunity from lawsuits by employees for injuries defined under the Act." Shick, 552 Pa. at 603. (Doc. 21, p. 3). Therefore, Defendant Lowe's had no reason to retaliate against the plaintiff.

The court agrees. The court in Shick pointed out that the Workers' Compensation Act struck a balance between employers' "immunity from lawsuits" and employees' reduced burden of demonstrating "only that his injury resulted in a loss of earning power." *Id.* at 603. This balance simply does not arise in the instant matter because Defendant Lowe's was never responsible for the plaintiff's workers' compensation benefits.

The court must next address whether the nonbinding McCarty decision was "extremely different," as stated by the plaintiff, when compared to the instant case. (Doc. 18, p. 15). The instant plaintiff points out that the plaintiff in McCarty alleged that he had been terminated for filing a Workers' Compensation claim

7

against his *former* employer. McCarty, 2009 Pa. Dist. & Cnty. Dec. LEXIS 292, *2. Also, the McCarty plaintiff did not allege liability under a joint employment theory; rather, he only sued the employer to which he was assigned. It is because the defendant did not employ the plaintiff at the time of his injury that the McCarty court found that the public policy consideration was not applicable. *Id*. At *3.

Defendant Lowe's argues that the instant case does not present a Shick public policy concern for the same reasons given in the McCarty decision. 2009 Pa. Dist. & Cnty. Dec. LEXIS 292; (Doc. 15, p. 6). Defendant Lowe's argues that the same "pivotal distinction[s]" exist: namely, that Lowe's was not the plaintiff's direct employer, that Lowe's did not hire or pay the plaintiff, and that Lowe's did not provide the workers' compensation benefits to the plaintiff. (Doc. 15, p. 7 (quoting McCarty, 2009 Pa. Dist. & Cnty. Dec. LEXIS 292, *5-6)). Further, since the present circumstances do not present a circumstance in which the plaintiff's fear of being discharged would have a "deleterious effect" on a statutory right under the Workers' Compensation Act, a Shick concern does not exist, and the claim, therefore, should be dismissed. *Id.*

The court agrees with Defendant Lowe's restatement of the central issue as "whether to create a public policy exception to at-will employment by recognizing a cause of action for Workers' Compensation retaliation against an entity that did not provide Workers' Compensation against his direct employer who did in fact provide such benefits to the Plaintiff." (Doc. 21, p. 2). Defendant Lowe's claims that although certain facts of McCarty are different, the holding

and analysis are the same:

> [W]hether the same public policy concern regarding employer's [sic] firing employees in retaliation for their claiming Worker's Compensation benefits is implicated where a temporary employer, who is not providing worker's compensation benefits to the employee, terminates a proposed temporary employee because the employer does not want to be involved in the temporary employee's already existing Worker's Compensation claim." *Id.* at \*5 (Doc. 21, p. 4).

Defendant Lowe's focuses on the fact that it was not the direct employer of the plaintiff, did not provide the Worker's Compensation benefits, and the plaintiff was working through, being paid by, and receiving Workers' Compensation through Insource. *Id.* Again, Defendant Lowe's contends that since Lowe's did not provide Workers' Compensation benefits to the plaintiff, it would have no reason to retaliate against the plaintiff for filing the claim. *Id*. The court agrees.

While the plaintiff is correct to point out the distinction between McCarty and the instant case, these distinctions are immaterial to the court's ultimate decision. To apply the Shick public policy exception to the instant matter would be to fundamentally misconstrue the purpose of the Workers' Compensation Act.

As to the joint employer theory, the plaintiff argues that both Defendant Insource and Defendant Lowe's were his employers, whereas Defendant Lowe's claims that only Defendant Insource was the plaintiff's employer. (Doc. 18, p. 13). The plaintiff contends that the Shick exception should apply because both

defendants shared "those matters governing the essential terms and conditions of employment." (Doc. 18, p. 8). However, the only binding case cited by the plaintiff, the N.L.R.B. case, is highly distinguishable from the instant matter. 691 F.2d 1117 (1982). It concerns the review of a "joint employer" determination by the National Labor Relations Board regarding a trucking company and the trucking company's brokers. *Id*. Indeed, the plaintiff has failed to cite a single case recognizing a retaliation claim against an employer who did not provide Workers' Compensation benefits with or without the "joint employer" theory. It is for these reasons that the court finds that the "joint employer" theory is inapplicable to the instant case.

## IV.     Conclusion

It is for the foregoing reasons that the court **GRANTS** the pending motion to dismiss. An appropriate order shall follow.


       s/ *Malachy E. Mannion*
       **MALACHY E. MANNION**
       **United States District Judge**

**Dated: March 9, 2015**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2014 MEMORANDA\14-1433-01.wpd